UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HADMIRA C. LEACOCK,

                                                                    **PETITION FOR REMOVAL**
                                                                    **Jury Trial Demanded**
                                         Plaintiff,        **ECF CASE**

   -against-                                                  **Docket No.**

HESS RETAIL STORES LLC, HESS CORPORATION,
SPEEDWAY, LLC and SPEEDWAY GAS STATION,

                                         Defendants.
------------------------------------------------------------------------X

      Defendant, SPEEDWAY LLC i/s/h/a SPEEDWAY, LLC, HESS RETAIL STORES LLC, HESS CORPORATION and SPEEDWAY GAS STATION (hereinafter "SPEEDWAY") petitioner for the removal of this action from the Supreme Court of the State of New York, County of Kings, to the United States District Court, Eastern District of New York, respectfully shows this Honorable Court:

    **FIRST:**    Plaintiff commenced a civil action against the above-named defendant in the Supreme Court of the State of New York, County of Kings, entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
HADMIRA C. LEACOCK,                                    INDEX NO.: 522043/18

                                         Plaintiff,

   -against-

HESS RETAIL STORES LLC, HESS CORPORATION,
SPEEDWAY, LLC and SPEEDWAY GAS STATION,

                                         Defendant.
------------------------------------------------------------------------X

A copy of the Summons and Complaint in this action is annexed hereto as ***Exhibit "A"*** and made a part hereof. Defendant SPEEDWAY interposed its Answer, a copy of which is annexed hereto as ***Exhibit "B"***.

**SECOND:** Plaintiff served a Bill of Particulars in response to SPEEDWAY's demand, a copy of which is annexed as ***Exhibit "C"***. Upon information and belief, the foregoing constitutes all process, pleadings and orders allegedly served upon party in this action.

**THIRD:** This is an action of civil nature in which the District Courts of the United States have been given original jurisdiction in that there exists diversity of citizenship between the plaintiff and the defendant and the amount in controversy may exceed the sum of $75,000.00 exclusive of interests and costs. Accordingly, there exists jurisdiction in the District Court of the United States as provided in 28 U.S.C. §1332.

**FOURTH:** Under the provision of 28 U.S.C. §1441, the right exists to remove this civil action from the Supreme Court of the State of New York, County of Kings to the United States District Court for Eastern District of New York, which embraces the place where this action is pending. In her Complaint, Plaintiff, HADMIRA C. LEACOCK, seeks judgment as a result of personal injuries allegedly sustained on June 5, 2018 at 2:00 a.m. when she was caused to trip and fall at the premises located at 1620 Neptune Avenue, Brooklyn, New York.

**FIFTH:** The action involves a controversy between citizens of different States. Pursuant to plaintiff's Bill of Particulars, the plaintiff is and was at the commencement of the action, a resident of Kings County, New York, residing at 13411 232nd Street, Laurelton, New York 11413. The Defendant, SPEEDWAY LLC is a foreign limited liability company at all times having its principal place of business in Enon, Ohio and having been registered as a limited liability company in the State of Delaware. SPEEDWAY LLC has its sole member, MPC

Investment LLC. MPC Investment LLC is a Delaware limited liability company, with its principal place of business in Ohio. MPC Investment LLC has its sole member, Marathon Petroleum Corporation. Marathon Petroleum Corporation is a Delaware corporation with its principal place of business in Ohio.

It should be noted that prior to the filing of the plaintiff's Summons and Complaint, on September 30, 2014, pursuant to the Purchase Agreement by and between Hess Corporation and Speedway LLC dated as of May 21, 2014 ("Purchase Agreement"), Hess Corporation transferred certain assets and liabilities into Hess Retail Operations LLC, Hess Retail Stores LLC, and Hess Realty LLC, including but not limited to the Store at which this alleged incident occurred. Hess Retail Operations LLC, Hess Retail Stores LLC, and Hess Realty LLC were all wholly-owned subsidiaries of Hess Retail Holdings LLC. On September 30, 2014, Speedway LLC acquired all of the membership interests of Hess Retail Holdings LLC, including certain Assumed Liabilities as that term is defined in the Purchase Agreement. The incident at issue in this case is an Assumed Liability. Beginning on September 1, 2014, the store at issue in this case was operated by Hess Retail Operations LLC, a wholly owned subsidiary of Speedway LLC. On October 1, 2015, Hess Retail Operations LLC was merged into Speedway LLC.

A copy of the Certificate of Merger is annexed as ***Exhibit "D".***

**SIXTH:** Upon information and belief, Plaintiff's alleged amount in controversy will be claimed by the Plaintiff to exceed the §75,000.00 threshold. Plaintiff's Complaint did not specify the amount of damages because under NY State CPLR Section 3017(c), a plaintiff in a personal injury matter in the Supreme Court of the State of New York is not permitted to asset the damages amount in the Complaint.

**SEVENTH**: However, In Plaintiff's Discovery Responses, more specifically, Plaintiff's Response to Ad Damnum, Plaintiff claims damages in the amount of $5,850,000.00 (Five Million Eight Hundred and Fifty Thousand Dollars). While all of

which is expressly denied by the defendant, based on the Plaintiff's response the claimed amount in controversy is claimed to exceed $75,000. Accordingly, there exists original jurisdiction in the District Courts of the United States as provided in 28 U.S.C. Section 1332.

**EIGHTH:** The instant petition is being filed within thirty days of learning that the amount in controversy is claimed to exceed the Federal Court's jurisdictional limit in accordance with Fed. R. Civ. P. Section 1446(b). Pursuant to Fed. R. Civ. P. Section 1446(b) an action must also be removed within a year of the commencement of the case; however, Fed. R. Civ. P. Section 1446(c)(1) notes an exception to the one-year rule if the Plaintiff has acted in bad faith in order to prevent defendant from removing the action. Further, Fed. R. Civ. P. Section 1446(c)(2)(B) defines "bad faith" on part of the Plaintiff as plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under Section 1446(c)(1). This firm served Plaintiff with an Answer and Discovery Demands dated December 18, 2018 (Exhibit "B") in response to Plaintiff's Summons and Complaint.

Plaintiff served a Response to Combined Demands, dated September 16, 2019, wherein plaintiff fails to respond to the Demand for Ad damnum, simply indicating "Objection. Improper Demand." The Response to Combined Demands is annexed hereto as ***Exhibit "E".*** Following receipt of the Response to Combined Demands, on October 18, 2019, this defendant served plaintiff with correspondence indicating plaintiff had failed to respond to the Demand for Ad Damnum which is proper under the CPLR. The October 18, 2019 correspondence is annexed hereto as ***Exhibit "F"***.

A preliminary conference was then conducted on October 21, 2019, whereby plaintiff was ordered to provide a response to the Demand for Ad Damnum by November 21, 2019. A copy of the Preliminary Conference Order is annexed hereto as ***Exhibit "G".***

On November 21, 2019 a since we had still not received a response to our Demand for Ad Damnum pursuant to CPLR 3017(c), we again wrote to plaintiff's counsel in yet another good faith attempt to obtain discovery without the necessity of motion practice. (***Exhibit "H"***).

Thereafter, on December 6, 2019, plaintiff's counsel served correspondence indicating that they were not in receipt of our Demand for Ad Damnum. (***Exhibit "I"***).

Despite the fact that our discovery demands had been e-filed almost a year prior, on December 20, 2019 we served another Demand for Ad Damnum along with another letter to counsel requesting a response to same and indicating that our demand had been e-filed a year prior. It should also be noted that on September 16, 2019, counsel responded to the Demand for Ad Damnum, by improperly objecting to same, and as such, it appears they had, in fact, received the demand. (The correspondence and Demand for Ad Damnum are collectively annexed hereto as ***Exhibit "J"***)

On February 6, 2020 a Compliance Conference was conducted, whereby plaintiff was *again* ordered to respond to defendant's Demand for Ad Damnum, by March 3, 2020. (***Exhibit "K"***).

On April 23, 2020, plaintiff served a Response to Compliance Conference Order, dated February 3, 2020, whereby it is indicated that a response to Demand for Ad Damnum "To be provided under separate cover." (***Exhibit "L"***).

Since plaintiff deliberately and contumaciously failed to respond to the Demand for Ad Damnum despite multiple Court Orders, on July 7, 2020, SPEEDWAY, served a motion to compel same. The motion is annexed hereto as ***Exhibit "M"***.

Finally, on July 30, 2020 plaintiff served a Response to the Demand for Ad Damnum demanding $5,850,000.00. (***Exhibit "N"***).

The failure of Plaintiff to respond to our Demand for Ad Damnum delayed our ability to remove the present matter within one year of the filing of the Summons and Complaint. We finally received Plaintiff's response on July 30, 2020, which for the first time included a response to our demand for Ad Damnum, stating the amount in damages suffered. This substantial delay by Plaintiff to respond to our longstanding discovery demands, despite two court orders, represents "bad faith" pursuant to Sections 1446(c)(1) and 1446(c)(2)(B) and delayed our ability to remove the case sooner.

**NINTH:** In accordance with the requirements of 28 U.S.C. Section 1446 Defendant attaches herewith and incorporates herein by reference copies of the following items served in this action:

a. Plaintiff's Summons and Complaint against the Defendant for damages filed in the Supreme Court of the State of New York, County of Kings bearing Index Number 522043/2018 dated November 1, 2018 (***Exhibit "A"***)
b. The Answer interposed on behalf of Defendant SPEEDWAY LLC dated December 18, 2018 (***Exhibit "B"***).
c. The Plaintiff's Bill of Particulars, dated September 16, 2019 (***Exhibit "C"***)
d. Certificate of Merger (***Exhibit "D"***).
e. Plaintiff's Response to Combined Demands, dated September 16, 2019 (***Exhibit "E"***).
f. A copy of the correspondence to plaintiff, dated October 18, 2019 (***Exhibit "F"***).
g. A copy of the October 21, 2019 Preliminary Conference Order (***Exhibit "G"***);
h. A copy of the November 21, 2019 correspondence to plaintiff (***Exhibit "H"***).
i. A copy of the December 6, 2019 correspondence from plaintiff (***Exhibit "I"***).
j. A copy of the December 20, 2019 letter and copy of Demand for Ad Damnum to plaintiff (***Exhibit "J"***)**.**
k. A copy of the February 6, 2020 Compliance Conference Order (***Exhibit "K"***).
l. A copy of the plaintiff's April 23, 2020 response to Compliance Conference Order. (***Exhibit "L"***).
m. A copy of the July 7, 2020 motion to compel without exhibits (***Exhibit "M"***).
n. A copy of plaintiff's Response to Ad Damnum, dated July 30, 2020. (***Exhibit "N"***)**.**

**TENTH:** By reason of the forgoing, Defendant desires and is entitled to have this action removed from the Supreme Court of the State of New York, County of Kings to the United States District Court for the Eastern District of New York, such being the district where this suit is pending.

**ELEVENTH:** Concurrent with the filing of service and petition for removal, Defendant is serving this petition for removal upon the plaintiff's attorney and filing a copy of this petition for removal with the Clerk of the Court for the Supreme Court of the State of New York County of the Kings.

**WHEREFORE,** defendant SPEEDWAY LLC i/s/h/a SPEEDWAY, LLC, HESS RETAIL STORES LLC, HESS CORPORATION and SPEEDWAY GAS STATION prays that the above entitled action now pending against them in the Supreme Court of the State of New York, County of Kings be removed therefrom that Court.

Dated: Garden City, New York
August 11, 2020

BY: /s/*Melissa Manna*
MELISSA MANNA, ESQ.
CULLEN AND DYKMAN LLP
*Attorneys for Defendant*
SPEEDWAY LLC i/s/h/a SPEEDWAY, LLC, HESS RETAIL STORES LLC, HESS CORPORATION and SPEEDWAY GAS STATION
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700
File No: 23005-0026

TO: Robert J. Eisen, Esq.
SUBIN ASSOCIATES, LLP
*Attorneys for Plaintiff*
HADMIRA C. LEACOCK
150 Broadway
New York, New York 10038
(212) 285-3800